**LI JUAN CHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–2309–ag.

United States Court of Appeals, Second Circuit.

April 7, 2009.

Liu Yu, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Ernesto H. Molina, Jr.,

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Assistant Director; Andrew N. O'Malley, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Li Juan Cheng, a native and citizen of the People's Republic of China, seeks review of an April 18, 2008 order of the BIA affirming the September 26, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Juan Cheng*, No. A98 255 758 (B.I.A. Apr. 18, 2008), *aff'g* No. A98 255 758 (Immig. Ct. N.Y. City Sep. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's credibility determina-

tion unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Here, the IJ identified numerous discrepancies in the record with respect to: (1) whether Cheng was interrogated while in detention; (2) whether she signed any statement while in detention; (3) whether her home was seized by the Chinese government after she and her mother escaped; (4) whether the authorities made an announcement to the villagers that they should report Cheng and her mother's whereabouts; and (5) whether Cheng walked to the park where she was arrested, or rode a motorcycle. While it is not a requirement under the REAL ID Act that discrepancies go to the heart of the applicant's claim, here, they do. Indeed, the discrepancies in the record cast doubt on whether Cheng was detained, interrogated, or threatened by the authorities. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ultimately, the cumulative effect of these discrepancies provides substantial evidence in support of the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95. Accordingly, the IJ's denial of Cheng's application for asylum was proper.

Inasmuch as Cheng based her withholding of removal claim on the same factual predicate as her asylum claim, that claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, we find that Cheng has waived any challenge to the agency's denial of her CAT claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

a stay of removal in this petition is DISMISSED as moot.